UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CABLE NEWS NETWORK, INC.,

Plaintiff,

v.

PERPLEXITY AI, INC.,

Defendant.

Civil Action No. 1:26-cv-04427-LAP

# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

**TABLE OF CONTENTS**


I. INTRODUCTION ........................................................................................ 1

II. BACKGROUND ........................................................................................ 3

III. LEGAL STANDARDS ........................................................................................ 4

IV. ARGUMENT ........................................................................................ 5

A. CNN sufficiently alleges Perplexity's direct infringement in generating infringing outputs (Count II)........................................................................................ 5

B. CNN is not required to plead all possible examples of Perplexity's infringing outputs (Count II)........................................................................................ 8

C. CNN Alleges sufficient facts to establish contributory and vicarious copyright infringement liability (Count III)........................................................................................ 11

1. CNN properly alleges a classic instance of induced infringement........................................................................................ 11

2. CNN sufficiently alleges Perplexity's direct financial interest in its infringing conduct to support the vicarious copyright infringement claims. ........................................................................................ 14

D. The Complaint Properly Pleads the Trademark Claims (Counts IV and V) ........................................................................................ 16

1. The Complaint properly alleges false association with CNN.................. 16

2. Perplexity's false content is not *Nominative* Fair Use............................. 18

3. The Complaint properly *pleads* that Perplexity has diluted CNN's famous trademarks........................................................................................ 19

4. The Complaint alleges *violations* of all pleaded registrations................. 21

V. CONCLUSION........................................................................................ 22

CERTIFICATE OF COMPLIANCE ........................................................................................ 24

# TABLE OF AUTHORITIES

**Cases**

*3M Co. v. Performance Supply, LLC*,
458 F. Supp. 3d 181 (S.D.N.Y. 2020) ..................................................... 17

*A.V.E.L.A., Inc. v. Estate of Marilyn Monroe, LLC,*
131 F. Supp. 3d 196 (S.D.N.Y. 2015) ..................................................... 17

*Abdin v. CBS Broad. Inc.*,
971 F.3d 57 (2d Cir. 2020) ..................................................... 5

*ABKCO Music, Inc. v. Sagan*,
50 F.4th 309 (2d Cir. 2022) ..................................................... 5

*Adidas Am., Inc. v. Thom Browne Inc.*,
599 F. Supp. 3d 151 (S.D.N.Y. 2022) ..................................................... 21, 22

*Advance Local Media LLC v. Cohere Inc.*,
No. 25-CV-1305 (CM), 2025 WL 3171892 (S.D.N.Y. Nov. 13, 2025) .......................... 14, 19

*Arista Recs. LLC v. Lime Grp. LLC*,
784 F. Supp. 2d 398 (S.D.N.Y. 2011) ..................................................... 12, 13, 14

*Ashcroft v. Iqbal*,
556 U.S. 662, 678 (2009) ..................................................... 4

*Capitol Records, LLC v. ReDigi Inc.*,
934 F. Supp. 2d 640 (S.D.N.Y. 2013) ..................................................... 6, 7

*Capitol Recs., Inc. v. MP3tunes, LLC*,
48 F. Supp. 3d 703 (S.D.N.Y. 2014) ..................................................... 5

*Cartoon Network LP, LLLP v. CSC Holdings, Inc.,*
536 F.3d 121 (2d Cir. 2008) ..................................................... 6

*Coty Inc. v. Excell Brands, LLC*,
277 F. Supp. 3d 425 (S.D.N.Y. 2017) ..................................................... 19

*Cox Communications, Inc. v. Sony Music Entertainment*,
146 S. Ct. 959 (2026) ..................................................... 2, 11, 12

*Dallas Cowboys Cheerleaders, Inc. v. Pussycat Cinema, Ltd.*,
604 F.2d 200 (2d Cir. 1979) ..................................................... 17

*DigitAlb, Sh.a v. Setplex, LLC*,
284 F. Supp. 3d 547 (S.D.N.Y. 2018) .......... 20

*EMI Christian Music Grp., Inc. v. MP3tunes, LLC*,
844 F.3d 79 (2d Cir. 2016) .......... passim

*Energy Intelligence Grp., Inc. v. Jefferies, LLC*,
101 F. Supp. 3d 332 (S.D.N.Y. 2015) .......... 4, 8, 10, 11

*Epidemic Sound, AB v. Meta Platforms, Inc.*,
25-cv-10355, 2026 WL 2001154 (N.D. Cal. July 10, 2026) .......... 9

*Faber v. Metro. Life Ins. Co.*,
648 F.3d 98, 104 (2d Cir. 2011) .......... 4

*Fox News Network, LLC v. TVeyes, Inc.*,
883 F.3d 169 (2d Cir. 2018) .......... 6

*Gershwin Publishing Corp. v. Columbia Artists Management, Inc.*,
443 F.2d 1159 (2d Cir. 1971) .......... 14

*Gym Door Repairs, Inc. v. Young Equip. Sales*, Inc.,
206 F. Supp. 3d 869 (S.D.N.Y. 2016) .......... 22

*Hines v. Roc-A-Fella Records, LLC*,
No. 19-CV-4587, 2020 WL 1888832 (S.D.N.Y. Apr. 16, 2020) .......... 9

*Hudson Furniture, Inc. v. Mizrahi*,
No. 20-cv-4891, 2023 WL 6214908 (S.D.N.Y. Sept. 25, 2023) .......... 19

*In re Frontier Commc'ns Corp.*,
658 B.R. 277 (Bankr. S.D.N.Y. 2024) .......... 15

*In re Thelen LLP*,
736 F.3d 213 (2d Cir. 2013) .......... 5

*Int'l Info. Sys. Sec. Certification Consortium, Inc. v. Sec. Univ., LLC*,
823 F.3d 153 (2d Cir. 2016) .......... 18

*Lambertini v. Fain*,
No. 12-cv-3964, 2014 WL 4659266 (E.D.N.Y. Sept. 17, 2014) .......... 9

*Larball Publ'g Co., Inc. v. Lipa*,
No. 22-CV-1872, 2023 WL 5050951 (S.D.N.Y. Aug. 8, 2023) .......... 9

*Lefkowitz v. McGraw-Hill Glob. Educ. Holdings, LLC*,
23 F. Supp. 3d 344 (S.D.N.Y. 2014) .......... 11

*Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*,
797 F.3d 160 (2d Cir. 2015). .......... 22

*McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani*,
295 F. Supp. 3d 404 (S.D.N.Y. 2017) .......... 21, 22

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*,
545 U.S. 913 (2005) .......... 11, 12, 13, 14

*Nat'l Acad. of Television Arts & Scis., Inc. v. Multimedia Sys. Design, Inc.*,
551 F. Supp. 3d 408 (S.D.N.Y. 2021) .......... 20

*Nazemian et al. v. Nvidia Corp.*,
No. 24-cv-01454-JST (N.D. Cal.) .......... 13

*New York Times Co. v. Microsoft Corp.*,
777 F. Supp. 3d 283 (S.D.N.Y. 2025) .......... 7, 20

*Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*,
602 F.3d 57 (2d Cir. 2010) .......... 8

*Pulse Creations Inc. v. Vesture Grp., Inc.*,
154 F. Supp. 3d 48 (S.D.N.Y. 2015) .......... 22

*Rams v. Def Jam Recordings, Inc.*,
202 F. Supp. 3d 376 (S.D.N.Y. 2016) .......... 15, 16

*Schneider v. Pearson Educ., Inc.*,
No. 12-CV-6392, 2013 WL 1386968 (S.D.N.Y. Apr. 5, 2013) .......... 11

*Sony Corp. of Am. v. Universal City Studios, Inc.*,
464 U.S. 417 (1984) .......... 8

*Strike 3 Holdings, LLC v. Meta Platforms, Inc.*,
835 F. Supp. 3d 1026 (N.D. Cal. 2026) .......... 15

*The Sports Auth., Inc. v. Prime Hosp. Corp.*,
89 F.3d 955 (2d Cir. 1996) .......... 21

*Warren v. John Wiley & Sons, Inc.*,
952 F. Supp. 2d 610 (S.D.N.Y. 2013) .......... 4, 9

*White v. DistroKid, LLC*,
766 F. Supp. 3d 451 (S.D.N.Y. 2025) .......... 7

**Statutes**

15 U.S.C. § 1114(1) .......... 3, 16, 17

15 U.S.C. § 1125 (c) ........................................ 2, 16, 19, 20

15 U.S.C. § 1125(a) ........................................ 2, 17

**Other Authorities**

McCarthy, Thomas J., McCarthy on Trademarks and Unfair Competition, Fifth Edition........... 21

**Rules**

Fed. R. Civ. P. 12(b)(6)........................................ 4

## I. INTRODUCTION

CNN's lawsuit stands for the proposition that Perplexity, a company valued at tens of billions of dollars, should not be able to steal from entities that create the original content upon which its products depend. The public relies on high-quality news journalism, which is frequently dangerous and expensive to produce. Commercial operators can and must pay to make use of it. There is no free option. In its Motion to Dismiss CNN's Complaint, Dkt. 31 ("Mot.") at 1, Perplexity characterizes its products as generating a "natural response to the user's question" that "*incorporates* facts from reliable internet sources." (emphasis added). What Perplexity describes as "incorporation" is in fact the theft of CNN's copyrighted original content and the unauthorized use of CNN's trademarks. By its Complaint, CNN seeks a remedy for Perplexity's massive, ongoing, and damaging infringement.

Perplexity's Motion to Dismiss does not challenge Count I: Copyright Infringement based on Perplexity's Acquisition of CNN's Copyrighted Works to Create "Inputs" for its GenAI Products. Mot. at 4. Instead, Perplexity seeks to dismiss Counts II (copyright infringement based on Perplexity's copying of CNN's copyrighted works to Create "outputs" to user queries), III (contributory and vicarious copyright infringement), IV (false designation of origin and dilution of CNN's trademarks), and V (trademark infringement). Each of Perplexity's arguments for dismissal, addressed in turn below, relies on a misapprehension of the law or alleged facts and its request for dismissal should be denied.

Perplexity argues Count II (copyright infringement based on Perplexity's "outputs") should be dismissed because CNN has not alleged any volitional conduct by Perplexity and that "any copying of protected material . . . is initiated by user requests." Mot. at 8. Perplexity also argues Count II should be dismissed for failure to allege facts relating to each infringed work. *Id.* at 10.

Both arguments fail. *First*, it is Perplexity, *not* its users, that scrapes, crawls, copies, indexes, and curates CNN's content for use in generating outputs. This conduct alone satisfies the volitional conduct standard applied by the Second Circuit and this Court. *See, e.g.*, *EMI Christian Music Grp., Inc. v. MP3tunes, LLC*, 844 F.3d 79 (2d Cir. 2016). *Second*, CNN appropriately alleges that the multiple specific "examples of verbatim or otherwise substantially similar or substitutive outputs [identified in the Complaint] create a reasonable inference that Perplexity is generating massive amounts of such outputs in response to users' prompts, from all or virtually all of CNN's valuable, copyrighted works." Compl. ¶ 95. That is legally sufficient, particularly where, as here, the records of infringing outputs are in Perplexity's possession. *See* Section IV(A), (B) below.

Perplexity seeks to dismiss Count III (contributory and vicarious copyright infringement) on two different bases. Perplexity is incorrect as to each. *First*, under the Supreme Court's recent decision in *Cox Commc'ns, Inc. v. Sony Music Entm't*, 607 U.S. 583 (2026), CNN has properly alleged induced infringement based on, *inter alia*, Perplexity's express encouragement that, in Perplexity's words, users "skip the links"—that is, obtain their news from Perplexity's generated outputs, which are based on copies of CNN's content, instead of going to CNN's website. *See* Section IV(C)(1) below. *Second*, Perplexity argues that CNN has not sufficiently alleged Perplexity's direct financial interest in its infringing conduct. However, as set forth in the Complaint, Perplexity, including through statements by its C.E.O., has repeatedly promoted its products as a source of high-quality news, a marketing strategy designed to attract users and generate revenue. *See* IV(C)(2) below.

Finally, Perplexity asks that the Court dismiss Plaintiff's trademark claims (Counts IV and V). As with its copyright claims, CNN has properly pleaded the elements of the trademark claims asserted in Count IV (Perplexity's violation of 15 U.S.C. §§ 1125(a) and (c)) and Count V

(Perplexity's violation of 15 U.S.C. § 1114(1)). *See* Section IV(D) below.

## II. BACKGROUND

Founded in 1980, CNN is a global 24-hour news organization that owns and operates numerous news networks and services, including the CNN channel in the United States, CNN International globally and CNN en Español. Compl. ¶ 9. CNN also operates global digital platforms that provide access to original news coverage and other features, which are available on CNN.com; CNN All Access, CNN's subscription digital service and numerous other international, regional, and specialized digital platforms (collectively, "CNN Digital Platforms"). *Id.* CNN owns registered copyrights for over 17,000 articles and digital content, including the articles (and other works) contained in the registrations set forth in Exhibit A ("CNN Works").

Perplexity is a GenAI company that describes its namesake chatbot as an "answer engine" that gathers information from authoritative sources. Compl. ¶ 2. In practice, Perplexity copies publishers' content and then combines it with a Large Language Model ("LLM") to produce outputs that include CNN's copyrighted works. Compl. ¶¶ 3-4.

Perplexity's conduct violates CNN's exclusive rights under the Copyright Act at two principal stages: *First*, at the input stage (Count I), when Perplexity unlawfully crawls, scrapes, copies, and distributes CNN content using software programs to build an AI-First search index and to provide CNN content in real time as input to LLMs to formulate a response to users' prompts. *Id.* at ¶¶ 7, 107-115. *Second*, at the retrieval and output stage (Count II), when Perplexity's GenAI products, in response to user queries, copy CNN content to generate outputs that are identical or substantially similar to CNN's content. *Id.* at ¶ 7. CNN also asserts claims for contributory and vicarious copyright infringement (Count III). *Id.* at ¶¶ 127-133.

CNN further alleges Perplexity violates CNN's trademarks under the Lanham Act (Count IV) by falsely claiming an affiliation between Perplexity and CNN that does not exist. *Id.* at ¶ 8.

Perplexity likewise violates CNN's trademarks when its GenAI Products alter CNN content without disclosing any omissions or modifications and then display the inaccurate reproductions alongside CNN's famous trademarks. *Id.* Perplexity further violates CNN's trademarks by generating and distributing "hallucinated" content and falsely attributing it to CNN. Perplexity's use of CNN's trademarks constitutes false designations of origin, infringement, and dilution (Count V) by confusing and deceiving Perplexity users into believing they may lawfully access CNN's content on Perplexity and/or by generating undisclosed omissions, modifications, or hallucinations that it claims are associated with, sponsored by, or approved by CNN. *Id.*

## III. LEGAL STANDARDS

When considering a Rule 12(b)(6) motion to dismiss, a court must "draw all reasonable inferences in plaintiffs' favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotations marks and citations omitted). The complaint must "state a claim to relief that is plausible on its face," meaning that the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Courts have "been strictly proscribed" from "subject[ing] copyright plaintiffs to a heightened level of pleading." *Warren v. John Wiley & Sons, Inc.*, 952 F. Supp. 2d 610, 617 (S.D.N.Y. 2013); *see also Energy Intelligence Grp., Inc. v. Jefferies, LLC*, 101 F. Supp. 3d 332, 340 (S.D.N.Y. 2015) ("[C]opyright claims are not subject to a heightened pleading standard."). Courts may consider the facts set forth on the face of the complaint as well as "any written instrument attached to the complaint as an exhibit, any statements or documents incorporated in it by reference, and any document upon which the complaint heavily relies." *In re Thelen LLP*, 736

F.3d 213, 219 (2d Cir. 2013).

## IV. ARGUMENT

### A. CNN SUFFICIENTLY ALLEGES PERPLEXITY'S DIRECT INFRINGEMENT IN GENERATING INFRINGING OUTPUTS (COUNT II).

CNN states a claim for direct infringement as Perplexity engages in volitional conduct through its creation of an index containing copyrighted content and intentional use of a retrieval augmented generation ("RAG") process that appropriates CNN's content. "To establish a claim of copyright infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Abdin v. CBS Broad. Inc.*, 971 F.3d 57, 66 (2d Cir. 2020) (citations omitted). To be liable for direct infringement, a defendant must have engaged in "volitional conduct" that "causes the copying or distribution." *ABKCO Music, Inc. v. Sagan*, 50 F.4th 309, 321 (2d Cir. 2022) (cleaned up). CNN has satisfied these elements here.

This Court and the Second Circuit have emphasized that infringers engage in volitional conduct when their software systems have an active, intentional role in curating copyrighted information or providing the infrastructure for its delivery, which is exactly what Perplexity has done here. In *Capitol Recs., Inc. v. MP3tunes, LLC*, 48 F. Supp. 3d 703 (S.D.N.Y. 2014), this Court upheld a jury's finding that MP3tunes—an integrated music service that allowed users to store, stream, or download music from online storage "lockers"—was liable for direct infringement of plaintiffs' copyrights in album cover art. *Id.* at 711, 720. The Second Circuit affirmed. *See MP3tunes*, 844 F.3d at 79. Both courts rejected MP3tunes's argument that it lacked volition "because the retrieval of that art was not directed by MP3tunes but rather obtained from Amazon.com at the direction of the user when the user selected a song." *Id.* at 96. Instead, the courts recognized that the software "was designed to retrieve one aspect of a copyrighted work

(the album art) whenever a user uploaded another aspect of a copyrighted work (the song)." *Id.* "This constituted enough evidence, in [the court's view], that copying of the cover art was directed by MP3tunes, not users." *Id.*

In its motion, Perplexity relies on cases involving passive platforms, which strictly execute users' requests. Mot. at 7. But Perplexity cannot avail itself of this line of cases. *Cartoon Network LP, LLLP v. CSC Holdings, Inc.*, 536 F.3d 121 (2d Cir. 2008) ("Cablevision") (Mot. at 7), the case upon which Perplexity principally relies, involved a digital video recorder ("DVR") system where the user, not Cablevision, selected which programs to record. *Id.* at 131. The Second Circuit found no volitional conduct as Cablevision has "no control over what programs are made available on individual channels or when those programs will air, if at all." *Id.* at 132.

Here, Perplexity's conduct is squarely within the scope of what this Court has found to be volitional. *See, e.g.*, *Fox News Network, LLC v. TVeyes, Inc.*, 883 F.3d 169, 181 (2d Cir. 2018) (finding defendant engaged in "clear" volitional conduct when it, *inter alia*, "decide[d] what audiovisual content to record"); *Capitol Records, LLC v. ReDigi Inc.*, 934 F. Supp. 2d 640, 657 (S.D.N.Y. 2013) (holding an "online marketplace for digital used music" engaged in volitional conduct). Perplexity, not the user, selects and copies CNN's copyrighted content. Perplexity's answer engine is thus more akin to MP3tunes's software (or a jukebox pre-loaded with unauthorized copies of copyrighted songs) than Cablevision's DVR system in at least three ways. *First*, the Complaint alleges that Perplexity's GenAI products supply unauthorized copies of CNN's works prior to any user query. Even before a user submits a query to Perplexity's chatbot, Perplexity has sent out crawlers (often "undeclared" and "stealth") to CNN's websites to scrape CNN's copyrighted content. Compl. ¶¶ 66-69. Also prior to a user's query, Perplexity has "ma[de] copies of that content to store in its 'AI-First' search index to feed its suite of retrieval-augmented

generation." Compl. ¶ 66. "Perplexity then repackages the original content in written responses to users." *Id.* at ¶ 4. *Second*, the Complaint alleges "Perplexity uses its Perplexity-User crawler to crawl and scrape CNN content, including from CNN's websites, in real-time to feed to its GenAI Products." *Id.* at ¶ 66. *Third*, CNN alleges specific examples of Perplexity's chatbot copying CNN's materials without specifically requesting CNN content. *See id.* at ¶ 79. Accordingly, unlike the automated platform in Cablevision, Perplexity actively selects and copies CNN content before a user submits a query, and then re-copies and repackages CNN content after the user submits a prompt, sometimes doing so even when the prompt does not specifically request CNN content.

Perplexity's Answer Engine also "copies copyrighted material without a request from the user." *White v. DistroKid, LLC*, 766 F. Supp. 3d 451, 459 (S.D.N.Y. 2025) (emphasis added). For example, CNN has provided examples of Perplexity's "Answer Engine" retrieving its copyrighted content even when a user does not specifically request CNN content. *See, e.g.*, Compl. ¶ 79. Just like the online platform in *ReDigi*, Perplexity chooses to scrape CNN's copyrighted content and copy that content for use in the RAG process; "provide[s] the infrastructure" for users to receive infringing content by selecting that content for its RAG process in the first place; and "affirmatively" generates infringing responses to users' requests. Compl. ¶ 66. As this Court concluded about the *ReDigi* platform, Perplexity's "fundamental and deliberate" role has "transformed it from a passive provider of a space in which infringing activities happened to occur to an active participant in the process of copyright infringement." 934 F. Supp. 2d at 657 (cleaned up).

Judge Stein's decision in *New York Times Co. v. Microsoft Corp.*, 777 F. Supp. 3d 283, (S.D.N.Y. 2025) is instructive. In denying defendants' motion to dismiss, Judge Stein distinguished the defendants' LLMs from the video tape recorder in *Sony Corp. of Am. v. Universal*

*City Studios, Inc.*, 464 U.S. 417, 442 (1984). *Id.* at 309. The Court noted that LLMs, which were "built on purportedly appropriated works," maintain an "ongoing relationship" with end users as LLMs "respond to end users' prompts," providing users "with both the means of infringing and the works from which to do so." *Id.* Perplexity likewise maintains an "ongoing relationship" with its users and actively and intentionally participates in its infringement.

### B. CNN IS NOT REQUIRED TO PLEAD ALL POSSIBLE EXAMPLES OF PERPLEXITY'S INFRINGING OUTPUTS (COUNT II).

Plaintiff's allegations, which include many specific examples of Perplexity's infringement, surpass the bar for stating a claim for copyright infringement. Perplexity urges this Court to adopt a new pleading standard, requiring a plaintiff to provide an example of every instance of the defendant's secret, behind-the-scenes copying of the plaintiff's copyrighted content. *See* Mot. at 9. No rule or case requires such a heightened pleading standard. Nor could it, because the full extent of Perplexity's infringing output is "in the sole possession, custody, and control of Perplexity." Compl. ¶ 95; *see Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 65 (2d Cir. 2010) (finding in certain circumstances, "the question of substantial similarity cannot be addressed without the aid of discovery or expert testimony."). What Perplexity seems to be proposing as a pleading requirement would be neither feasible nor practical when also considering the more than 17,000 copyrighted works at issue in this case. Perplexity's own records should reflect precisely which of those works it has copied, what content, and how many times it has copied them. Those facts will be the subject of discovery.

"To survive dismissal, the complaint must allege: (1) which specific original works are the subject of the copyright claim, (2) that plaintiff owns the copyrights in those works, (3) that the copyrights have been registered in accordance with the statute, and (4) by what acts and during what time the defendant infringed the copyright." *Jefferies, LLC*, 101 F. Supp. at 338 (cleaned up).

With respect to the fourth element, CNN is required only to explain *how* Perplexity infringed its copyrighted works. *See Warren*, 952 F. Supp. 2d at 618 (plaintiff must provide "sufficient notice to [defendant] as to how the copyrights at issue have been infringed," but is not required to "specify how each *particular* photograph has been infringed") (emphasis added).

In advocating for an amended pleading standard, Perplexity relies on distinguishable cases. *First*, Perplexity cites cases involving a much smaller number of creative works from which the district court could make a substantial similarity finding at the motion to dismiss stage. *Hines v. Roc-A-Fella Records, LLC*, No. 19-cv-4587, 2020 WL 1888832, at *1 (S.D.N.Y. Apr. 16, 2020) (cited in Mot. at 13) (two modern songs' copying of one older song); *Larball Publ'g Co., Inc. v. Lipa*, No. 22-cv-1872, 2023 WL 5050951, at *1 (S.D.N.Y. Aug. 8, 2023) (Mot. at 14) (one song's copying of two older songs). *Second*, Perplexity relies on cases where the claims were deficient as to which works were infringed and *how and when* the alleged infringement occurred. *See Lambertini v. Fain*, No. 12-cv-3964, 2014 WL 4659266, at *3 (E.D.N.Y. Sept. 17, 2014) (Mot. at 10) (noting "Plaintiff's failure to allege which specific original works are the subject of this action and . . . the acts constituting the infringement or when the alleged infringement occurred."); *Epidemic Sound, AB v. Meta Platforms, Inc.*, 25-cv-10355, 2026 WL 2001154, at *2-3 (N.D. Cal. July 10, 2026) ("*Epidemic II*") (Mot. at 11) (Plaintiff failed to "identify or allege *any facts* about any infringing work" and contrasting cases where "the plaintiffs' complaints *included samples* of the allegedly infringing works . . . from which the courts could draw a reasonable inference of substantial similarity." (emphasis added)).

Here instead, in nine separate examples, the Complaint sets forth CNN's copyrighted content and Perplexity's unauthorized reproductions of that content side by side. *Id.* at ¶¶ 76-93. Appropriately, CNN has alleged that the many "examples of verbatim or otherwise substantially

similar or substitutive outputs [that are specifically identified in the Complaint] create a reasonable inference that Perplexity is generating massive amounts of such outputs in response to users' prompts, from all or virtually all of CNN's valuable, copyrighted works." Compl. ¶ 95. Specifically, CNN has alleged that Perplexity "unlawfully copied over 17,000 CNN stories, videos, images, and other works to power its products and tools." Compl. ¶ 7. CNN attached to its Complaint lists of the works it alleges Perplexity has copied and infringed. Compl., Ex. A.

Unlike the cases Perplexity cites, in which the plaintiffs failed to allege facts regarding the infringement, the Complaint here details with specificity the process Perplexity employs to obtain and use virtually all of CNN's copyrighted content. Specifically, CNN alleges that Perplexity infringes its copyrighted content when its RAG process copies CNN content and uses that content to produce outputs that contain that content. *See, e.g.*, Compl. ¶¶ 65-74. CNN alleges that "Perplexity generates the 'answers' to user prompts and questions by using content it retrieves from its search index or obtains in real-time from available sources." *Id.* at ¶ 55. And the answers that Perplexity generates "often contain verbatim reproductions" of CNN content. *Id.* at ¶ 27. "At other times, the outputs are reworded into text that closely paraphrases or summarizes in detail CNN's copyrighted works." *Id.* at ¶ 72.

Perplexity also incorrectly argues that the lack of specific examples as to each registration CNN appended to its Complaint means that the Court cannot assess the "substantial similarity" between CNN's copyrighted content and Perplexity's unauthorized copies. *See* Mot. at 11. Perplexity requests that this Court add a requirement that plaintiffs provide specific examples of every instance of infringement—a request this Court has repeatedly rejected. For example, in *Jefferies, LLC*, this Court held that the plaintiffs had stated a claim by alleging that copyrighted publications subject to user restrictions were "regularly downloaded from Plaintiffs' website" on

several different computers affiliated with the defendant, all using the same user login. 101 F. Supp. 3d at 340. "To require more at this stage is to require evidentiary detail." *Id.*; *see also Lefkowitz v. McGraw-Hill Glob. Educ. Holdings, LLC*, 23 F. Supp. 3d 344, 354 (S.D.N.Y. 2014) (finding complaint sufficiently pled where "Plaintiff identifie[d] the publication and information regarding the license limits" but not "for all instances of infringement"); *Schneider v. Pearson Educ., Inc*., No. 12-cv-6392, 2013 WL 1386968, at *3 (S.D.N.Y. Apr. 5, 2013) (rejecting argument that plaintiff was required to plead the specific infringement that occurred with respect to each particular photograph).

CNN has alleged facts sufficient to draw the reasonable inference that Perplexity infringed the asserted works through its unlawful scraping and outputting of CNN content.

### C. CNN ALLEGES SUFFICIENT FACTS TO ESTABLISH CONTRIBUTORY AND VICARIOUS COPYRIGHT INFRINGEMENT LIABILITY (COUNT III).

Perplexity argues that Plaintiff's contributory infringement (Mot. at 12) and vicarious infringement claims (Mot. at 14) should be dismissed. Both arguments fail for the reasons set forth below.

#### 1. CNN properly alleges a classic instance of induced infringement.

Under the Supreme Court's recent decision in *Cox*, CNN has properly alleged that Perplexity induced infringement. 607 U.S. at 593. In *Cox*, the Court held that to find a service provider contributorily liable for a user's infringement, the provider must have intended that its service be used for infringement. *Id.* A provider's intent can be shown if, *inter alia*, it induced infringement. *Id.* (citing *Metro-Goldwyn-Mayer Studios Inc. v. Grokster*, *Ltd.*, 545 U.S. 913, 930 (2005)). "A provider induces infringement if it actively encourages infringement through specific acts." *Id.* (citation omitted). Here, CNN has pleaded a claim for induced infringement.

In finding no inducement in connection with the ISP at issue in *Cox*, the Supreme Court

noted that the plaintiff had "provided no evidence of express promotion, marketing, and intent to promote infringement." *Id.* at 595 (quotations omitted) (citing *Grokster*, 545 U.S. at 926, 930). In *Grokster*, the Court reinforced that *"[t]he classic instance of inducement is by advertisement or solicitation that broadcasts a message designed to stimulate others to commit violations."* 545 U.S. at 937. The Court in *Grokster* highlighted three facts from which a reasonable factfinder could infer that the service provider intended to foster infringement. *Id.* at 939. *First*, the advertising designs revealed an intent to target a community well-known for copyright infringement. *Id. Second*, the service provider did not attempt to develop filtering tools or other means of diminishing the use of its products for infringement. *Id. Third*, the service provider's business model depended on high-volume use of its software, which was overwhelmingly infringing. *Id.* at 939-40. Similar elements are present here.

*First*, through its slogans and public statements made by its executives, Perplexity "broadcasted a message designed to stimulate others to commit violations." *Grokster*, *Ltd.*, 545 U.S. at 916; *see also Arista Recs. LLC v. Lime Grp. LLC*, 784 F. Supp. 2d 398, 426 (S.D.N.Y. 2011) (holding a service provider's efforts to attract infringing users is evidence that a service is intended to encourage infringement). Perplexity describes itself as "leverag[ing] sophisticated AI to interpret your question" and then "search[ing] the internet, gathering information from authoritative sources like articles, websites, and journals." Compl. ¶ 55. Perplexity advertised its products by emphasizing it will not produce original content, only content it has retrieved. *Id.* at ¶ 60; ("The principle in Perplexity is you're not supposed to say anything that you don't retrieve"). Indeed, one of Perplexity's principal marketing slogans was that its products allowed users to "Skip the links"; that is, an express encouragement to use Perplexity for news content instead of visiting news websites, like CNN's. *Id.* at ¶ 3; *see Nazemian et al. v. Nvidia Corp.*, 24-cv-01454,

2026 WL 12229583, at 6 (N.D. Cal. May 5, 2026) (denying motion to dismiss contributory liability claim and holding "it is sufficient that Plaintiffs allege that defendant 'instruct[ed] how to engage in an infringing use' and 'express[ed] an affirmative intent that the product be used to infringe,' such as by designing a tool specifically to promote the infringement.") (citing *Grokster*, 545 U.S. at 914, 915).

*Second*, Perplexity was aware of substantial infringement by its users and yet continued to encourage this infringement. *Arista Recs. LLC*, 784 F. Supp. 2d at 426 (finding awareness of substantial infringement by users relevant to determining whether a defendant engaged in inducement of copyright infringement). CNN and Perplexity negotiated a short form agreement effective October 1, 2025, which would have allowed Perplexity to pay for access to paywalled CNN content. Compl. ¶ 46. The parties were unable to come to an agreement, and the terms were not finalized. *Id.* at ¶ 47. In December 2025, CNN demanded Perplexity cease its unauthorized use of CNN's "name, service marks, and content." *Id.* at ¶ 47. Despite this notice, Perplexity did not cease offering infringing services or employ tools to mitigate its infringement. *Grokster*, 545 U.S. at 917 (finding that failure to develop filtering tools or other mechanisms to diminish infringing activity is evidence of intent); *Arista Recs. LLC*, 784 F. Supp. 2d 398 at 426.

*Third*, as alleged in the Complaint and detailed further below, Perplexity's business model relies on attracting a high number of users to its products, which are infringing, and incentivizing them to use paid tiers of Perplexity's products, Compl. ¶ 133. *See, e.g.*, *Arista Recs. LLC*, 784 F. Supp. 2d at 429 (finding LimeWire depended on infringement for success of its business where its "source[] of revenue depend[ed] on LimeWire attracting massive user population generated by its infringement-enabling features.").

This Court's ruling declining to dismiss an induced infringement claim in another AI case

is instructive. In *Advance Local Media LLC v. Cohere Inc.*, Judge McMahon held that the plaintiff publishers properly pleaded contributory copyright infringement when plaintiffs "provide[d] numerous examples of Cohere promoting [its LLMs] . . . ability to conduct 'a web search to access the latest news about trends and competitors'" and "tout[ed] its ability to 'keep you up to date with the latest news.'" No. 25-cv-1305, 2025 WL 3171892, at *6 (S.D.N.Y. Nov. 13, 2025) (citations omitted). Further, this Court noted that the plaintiffs alleged that "Cohere's Chat interface suggests to consumers that its models provide summaries of the latest news articles and, in the free online demo of [its suite of LLMs], even 'prepopulates the interface with a request to summarize recent technology news, inviting prospective customers to use the models to access news stories.'" *Id.* (citation omitted). The same is true here.

In sum, CNN has properly alleged facts sufficient to establish a "classic instance of inducement" by advertisement or solicitation. *Grokster*, 545 U.S. at 937. Perplexity's request that CNN's contributory liability claim be dismissed should be denied.

2. <u>CNN sufficiently alleges Perplexity's direct financial interest in its infringing conduct to support the vicarious copyright infringement claims.</u>

Perplexity also incorrectly argues the Complaint fails to allege a claim for vicarious liability because it "neither pleads a direct connection between the alleged output infringement and financial benefit to Perplexity." Mot. at 14. CNN has done so here.

To establish vicarious liability, a plaintiff must show that the defendant had (1) "the right and ability to supervise the infringing activity" and (2) a "direct financial interest" in such activity. *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971); *see also MP3tunes LLC*, 844 F.3d 79. The second element of a vicarious infringement claim requires a "causal relationship between the infringing activity and any financial benefit [the] defendant reaps." *Arista Recs.*, 784 F. Supp. 2d at 435 (internal quotation marks and citations omitted). "The

financial benefit need not be tied directly to sales of the infringing goods, nor must it be substantial" and "exists where the availability of infringing material acts as a draw for customers." *Rams v. Def Jam Recordings, Inc.*, 202 F. Supp. 3d 376, 385 (S.D.N.Y. 2016) (internal quotation marks and citations omitted). "[T]he crux of the financial benefit inquiry is whether a causal relationship exists between the infringing activity and a financial benefit to the defendant. If copyright infringement draws customers to the defendant's service or incentivizes them to pay more for their service, that financial benefit may be profit from infringement." *In re Frontier Commc'ns Corp*., 658 B.R. 277, 294 (Bankr. S.D.N.Y. 2024); *see also Strike 3 Holdings, LLC v. Meta Platforms, Inc*., 835 F. Supp. 3d 1026, 1040 (N.D. Cal. 2026) ("[T]he causal relationship may exist when the infringement generates foreseeable financial gain by acting as a draw for customers, even if the revenue comes from the sale of ancillary goods rather than the sale of infringing materials.").

*MP3tunes* is once again instructive. 844 F.3d 79. There, the defendant MP3tunes provided a "storage locker" service, which charged users a fee to store music on the MP3tunes server. *Id.* at 86. MP3tunes also owned and operated a second website that allowed users to search for free music on the internet and then load songs into their MP3tunes lockers. *Id.* Users could store a certain amount of music for free and then purchase additional storage space for tiered fees. *Id.* In upholding the jury's vicarious liability verdict, the Second Circuit noted that the defendant used the second website to "attract free users to MP3tunes whom MP3tunes could thereafter 'upsell' to premium lockers" and that the defendant "had an obvious and direct financial interest in infringement that drew subscribers to MP3tunes.com." *Id.* (citations and internal quotations omitted).

Perplexity similarly "draws" consumers to its products by advertising its ability to provide

high-quality news content from reliable sources. *See also Rams*, 202 F. Supp. 3d at 385. Perplexity described itself as "streamlining your information gathering by delivering the precise knowledge you need without the extra steps and clicks," and as recently as August 2024, boasted its chatbot allowed users to "Skip the links." Compl. ¶ 3. What is more, Perplexity falsely claimed CNN content in particular was included in Comet Plus, a subscription service where users could pay for "premium news." *Id.* at ¶ 97. Accordingly, as in *MP3tunes*, 844 F.3d at 86, Perplexity advertises its ability to provide CNN paywalled content to "upsell" Perplexity users to its paid plans, like Comet Plus. 844 F.3d at 86. And a paid user is more likely to remain one, or select a higher-priced plan, if she continues to obtain the same high-quality news content. *Id.*

CNN has therefore properly alleged Perplexity's direct financial interest in its infringing conduct, *see* Compl. ¶ 133, and Perplexity's request to dismiss CNN's vicarious liability claim should be denied.

### D. THE COMPLAINT PROPERLY PLEADS THE TRADEMARK CLAIMS (COUNTS IV AND V)

CNN has adequately pleaded all elements of the trademark claims asserted by CNN in Count IV for Perplexity's violation of 15 U.S.C. §§ 1125(a) and (c), and Count V for Perplexity's violation of 15 U.S.C. § 1114(1). The Complaint alleges that Perplexity has used the CNN Mark to falsely claim an association with CNN that does not exist and generates hallucinated outputs that it attributes to CNN, which causes confusion and dilution. Perplexity's Motion misstates the Complaint's factual allegations and raises disputed issues of fact that are not properly resolved at the pleading stage. Thus, Perplexity's motion should be denied.

1. The Complaint properly alleges false association with CNN.

Perplexity argues that Counts IV and V should be dismissed because the Complaint does not allege that Perplexity claimed a false association with CNN. Mot. at 16-17. Perplexity's

argument is incorrect. Paragraph 97 of the Complaint alleges that Perplexity falsely states that new subscribers to its Comet Plus product will get access to CNN's premium content, thereby claiming an affiliation with CNN that does not exist. Indeed, when users ask Perplexity's chatbot "What is comet plus?" Perplexity responds by falsely claiming CNN is part of Perplexity's "premium news bundle" as part of Comet Plus "similar in spirit to Apple News Plus." As such, Perplexity uses CNN's trademark in connection with fabricated content that claims that its users can pay to upgrade and get access to CNN's premium content, when no such option exists, thereby claiming an affiliation between Perplexity and CNN.[1]

To proceed on its trademark claims for false association and trademark infringement, the Complaint must allege (i) that the CNN Mark is valid and entitled to protection, and (ii) Perplexity is using the CNN Mark in a manner that is likely to create consumer confusion. *See 3M Co. v. Performance Supply, LLC*, 458 F. Supp. 3d 181, 192 (S.D.N.Y. 2020) (The same standard governs Section 32 and 43(a)(1)(A) claims); *A.V.E.L.A., Inc. v. Estate of Marilyn Monroe, LLC,* 131 F. Supp. 3d 196, 209 (S.D.N.Y. 2015). Here, CNN's Mark is valid and entitled to protection. *See* Compl. ¶¶ 134-153. In addition, Perplexity is using the CNN Mark in a manner that is likely to create consumer confusion because, as alleged in the Complaint, Perplexity's fabricated content misleads its users into believing that its content was sponsored by, endorsed, or approved by CNN when it displays CNN's Mark in its output. Thus, Perplexity used CNN's famous, registered trademarks to falsely claim an affiliation between Perplexity and CNN. Perplexity's actions are actionable false association and trademark infringement under 15 U.S.C. §§ 1125(a) and 1114(1). *See Dallas Cowboys Cheerleaders, Inc. v. Pussycat Cinema, Ltd.*, 604 F.2d 200, 205 (2d Cir. 1979)

---

[1] Perplexity's argument that its claims of an affiliation with CNN were accurate, Mot. at 17, raises a factual issue. Nevertheless, the agreement to which Perplexity refers was never finalized and CNN did not become part of the Comet Plus program. Compl. ¶¶ 46-47.

("public's belief that the mark's owner sponsored or otherwise approved the use of the trademark satisfies the confusion requirement.")

2. <u>Perplexity's false content is not *Nominative* Fair Use.</u>

Perplexity attempts to excuse its unlawful behavior by claiming that any use of CNN's trademarks was nominative fair use. Mot. at 17-19. However, Perplexity's conduct does not implicate nominative fair use.

"Nominative use is a 'use of another's trademark to identify, not the defendant's goods or services, but the plaintiff's goods or services.' It is called 'nominative' use because it 'names' the real owner of the mark." *Int'l Info. Sys. Sec. Certification Consortium, Inc. v. Sec. Univ., LLC*, 823 F.3d 153, 165 (2d Cir. 2016). But CNN's allegations do not relate to the use of its mark to identify actual CNN content. CNN alleges that Perplexity uses its trademarks in connection with fake articles, falsely identifying CNN as the source of that fraudulent material and that CNN endorsed, vetted, or is in partnership with Perplexity, when CNN in fact expressly prohibited Perplexity from using its content and marks. Compl. ¶¶ 8, 97-100. When Perplexity uses CNN's trademarks to falsely claim an affiliation that does not exist and in hallucinated articles, Perplexity does not accurately describe the "relationship between [Plaintiffs'] and defendant's products or services." *Int'l Info. Sys. Sec. Certification Consortium, Inc.*, 823 F.3d at 168. It therefore cannot be nominative fair use.

Perplexity's argument that the Complaint alleges only that Perplexity used CNN's trademarks in connection with accurate outputs of articles is not correct. Perplexity cites only the paragraphs in the Complaint relating to copyright infringement. However, the Complaint also alleges that Perplexity "*generates fabricated content that claims that its users can pay to upgrade and get access to CNN's premium content, when no such option exists, thereby falsely claiming an*

*affiliation between Perplexity and CNN*." Compl. ¶ 98 (emphasis added). The Complaint alleges that Perplexity publishes content that "*misleadingly omits, modifies, or hallucinates portions of CNN's trademarked publications without disclosing those omissions, modifications, or hallucinations and displays the inaccurate reproductions alongside CNN's famous trademarks*." *Id.* at ¶ 99 (emphasis added). The Complaint even contains an example of hallucinated output falsely attributed to CNN. *Id.* Thus, Perplexity's nominative fair use argument does not apply. *See Hudson Furniture, Inc. v. Mizrahi*, No. 20-cv-4891, 2023 WL 6214908, at *9-10 (S.D.N.Y. Sept. 25, 2023) (rejecting nominative fair use where defendant did not actually offer plaintiff's products).

In *Cohere Inc*, this Court similarly denied a motion to dismiss and held that the nominative fair use defense did not apply because the complaint alleged that Cohere used the plaintiffs' marks to "falsely attribute hallucinated articles to [Plaintiffs], implying a false association." 2025 WL 3171892, at *10 (S.D.N.Y. Nov. 13, 2025). That is precisely the situation here and a denial of the motion to dismiss is likewise warranted.

3. The Complaint properly *pleads* that Perplexity has diluted CNN's famous trademarks.

Perplexity claims that the dilution claim[2] (Count IV) should be dismissed because it only contains conclusory allegations and does not allege harm to CNN. Perplexity's arguments rely entirely on disputed factual issues which are not appropriate for resolution on a motion to dismiss.

To state a claim for trademark dilution under section 1125(c), a plaintiff must allege: "(1) the mark is famous; (2) [the] defendant's use of the mark is made in commerce; (3) the defendant

[2] Perplexity's assertion in footnote 3 that the Complaint only alleges dilution by blurring is not correct. Paragraph 144 of the Complaint alleges dilution "by blurring and/or tarnishment." The owner of a famous mark may bring causes of action for dilution under 1125(c) based on both blurring and tarnishment. *See Coty Inc. v. Excell Brands, LLC*, 277 F. Supp .3d 425, 458-459 (S.D.N.Y. 2017) (finding dilution by blurring and tarnishment).

used the mark after the mark is famous; and (4) the defendant's use of the mark is likely to dilute the quality of the mark by blurring or tarnishment. *DigitAlb, Sh.a v. Setplex, LLC*, 284 F. Supp. 3d 547, 557 (S.D.N.Y. 2018) (citations omitted); *New York Times Co.*, 777 F. Supp. 3d at 283. In its Motion, Perplexity does not challenge the first three elements (that the mark is famous, that Perplexity's use of the mark was made in commerce or that Perplexity used the mark after it became famous). Perplexity challenges only the fourth element. Perplexity's challenge fails because the Complaint alleges that Perplexity's use of the famous CNN Mark in interstate commerce and false claims of an affiliation between CNN and Perplexity, have diluted the distinctive quality of the CNN Mark. The Complaint further alleges that Perplexity used the famous CNN Mark to falsely attribute hallucinated content to CNN's trademark publications, also in violation of 15 U.S.C. § 1125(c).

Perplexity argues—incorrectly—that one of the examples of Perplexity's unlawful conduct cited in the Complaint does not show harm to CNN. Specifically, Perplexity argues that the hallucinated quote of Mikel Arteta in Paragraph 99 of the Complaint does not harm CNN's reputation since Perplexity's answer "defends" CNN. But the Complaint alleges that Perplexity stated that any errors in the quote were caused by CNN's errors in "transcription" or "copy-editing." Compl. ¶ 99. In other words, not only did Perplexity attribute false content to CNN, but Perplexity compounded the harm by blaming the error on CNN. *Id.* As alleged in the Complaint, Perplexity's actions harm CNN's reputation as a news organization and causes dilution of the CNN Mark. *See Nat'l Acad. of Television Arts & Scis., Inc. v. Multimedia Sys. Design, Inc.*, 551 F. Supp. 3d 408, 417 (S.D.N.Y. 2021). Similarly, Perplexity's damage to CNN from the false content constitutes unfair competition and trademark infringement by confusing and deceiving its users to

believe that Perplexity's false content was created and approved by CNN. *See McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani*, 295 F. Supp. 3d 404, 415 (S.D.N.Y. 2017).

4. The Complaint alleges *violations* of all pleaded registrations.

Perplexity argues that the Complaint did not plead violations of each of the CNN-formative marks in the registrations listed in Exhibit B because the Complaint did not allege that Perplexity used the identical marks and goods in those registrations. *First*, each of the cited registrations contains the famous CNN Mark, which Perplexity has unlawfully used. *See* Compl., Ex. B. *Second*, Perplexity misstates a basic premise of trademark law. The question in this case is whether Perplexity's use of the CNN Mark creates a likelihood of confusion or dilution. "[E]xact identity of the marks is not the test of infringement." McCarthy, Thomas J., McCarthy on Trademarks and Unfair Competition, Fifth Edition § 23:20; *see, e.g.*, *The Sports Auth., Inc. v. Prime Hosp. Corp.*, 89 F.3d 955, 962 (2d Cir. 1996); *Adidas Am., Inc. v. Thom Browne Inc.*, 599 F. Supp. 3d 151 (S.D.N.Y. 2022). The Complaint states that Perplexity's unlawful actions create a likelihood of confusion and dilution with the pleaded registrations. *See* Compl. ¶¶ 135-148 and 150-153. That is sufficient.

5. *The Complaint sufficiently shows Perplexity's violations of CNN's trademark rights.*

The Complaint includes detailed factual examples of Perplexity using the CNN Mark to (1) falsely claim an affiliation between CNN and Perplexity, and (2) falsely identify CNN as the source in connection with the output of fake articles. Compl. ¶¶ 97-99. Specifically, the Complaint alleges that Perplexity violates CNN's trademarks "by falsely claiming an affiliation between Perplexity and CNN that does not exist" and by generating "hallucinated content that Perplexity falsely attributes to CNN." *Id.* at ¶ 8. In addition, the Complaint included examples of Perplexity's false claim of an affiliation with CNN and an example of a hallucination falsely attributed to CNN.

*Id.* at ¶¶ 97-99. CNN's allegations are more than sufficient to state a claim for trademark infringement, dilution, and unfair competition.

Notwithstanding these detailed allegations of trademark infringement, dilution, and unfair competition by Perplexity, Perplexity argues that CNN was also required to show additional examples of Perplexity's claims of false association and hallucinatory output falsely attributed to CNN. Again, Perplexity asks this Court to impose a new pleading standard requiring CNN to allege every single example of every single instance of infringement. *See* Mot. at 21. Perplexity does not cite any support for such a standard. In fact, Courts in this District state just the opposite, namely that a "plaintiff is *not* required at the pleading stage to identify every specific allegedly infringing product." *Adidas Am., Inc.*, 599 F. Supp. 3d at 160 (emphasis added); *see, e.g.*, *McGraw-Hill Global Educ. Holdings, LLC*, 295 F. Supp. 3d at 415 ("Requiring Plaintiffs to name *all* of the infringed works that may be part of the alleged counterfeiting scheme at the pleading stage would be a fool's errand – that is the point of discovery") (emphasis in original); *Gym Door Repairs, Inc. v. Young Equip. Sales*, Inc., 206 F. Supp. 3d 869, 903 (S.D.N.Y. 2016) (Complaint was sufficient to withstand the motion to dismiss because it "provide[d] examples of particular, allegedly infringing conduct"); *Pulse Creations Inc. v. Vesture Grp., Inc.*, 154 F. Supp. 3d 48, 51 (S.D.N.Y. 2015) (Plaintiff sufficiently alleged its unfair competition claim by attaching to its complaint "non-exhaustive" examples of infringing items of clothing).

## V. CONCLUSION

CNN respectfully requests that the Court deny Perplexity's Motion to Dismiss Counts II, III, IV and V of the Complaint. In the alternative, CNN requests that the Court grant CNN leave to amend the Complaint. *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 191 (2d Cir. 2015).

Dated: September 25, 2026

By: *_/s/ Steven Lieberman_*

Steven Lieberman (SL8687)
Jennifer B. Maisel (5096995)
Jenny L. Colgate *(pro hac vice)*
Sharon Davis *(pro hac vice)*
Alexandra S. Hughes *(pro hac vice)*
Kristen J. Logan *(pro hac vice)*
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone: (202) 783-6040
Facsimile: (202) 783-6031
slieberman@rothwellfigg.com
jmaisel@rothwellfigg.com
jcolgate@rothwellfigg.com
sdavis@rothwellfigg.com
ahughes@rothwellfigg.com
klogan@rothwellfigg.com

*Attorneys for Plaintiff*

**CERTIFICATE OF COMPLIANCE**

In accordance with Local Civil Rule 7.1(c), I certify that the foregoing Memorandum of Law is 6,931 words, exclusive of the caption page, table of contents, table of authorities, and signature block. The basis of my knowledge is the word count feature of the word-processing system used to prepare this memorandum.

Dated: September 25, 2026

*/s/ Steven Lieberman*
Steven Lieberman